**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 08-6161**

─────────────

UNITED STATES OF AMERICA; AUSA USA, Civil Mail Box,

Petitioners – Appellees,

v.

CORIE MCNAIR

Respondent – Appellant.

─────────────

**No. 09-6207**

─────────────

UNITED STATES OF AMERICA; AUSA USA, Civil Mail Box,

Petitioners – Appellees,

v.

CORIE MCNAIR

Respondent – Appellant.

─────────────

Appeals from the United States District Court for the Eastern
District of North Carolina at Raleigh.  W. Earl Britt, Senior
District Judge.  (5:05-hc-00502-BR)

─────────────

Submitted: July 10, 2009        Decided: August 13, 2009

─────────────

Before NIEMEYER, GREGORY, and DUNCAN, Circuit Judges.

─────────────

No. 08-6161, dismissed and No. 09-6207, affirmed by unpublished per curiam opinion.

---

Paul K. Sun, Jr., ELLIS & WINTERS LLP, Raleigh, North Carolina, for Appellant.  George E. B. Holding, United States Attorney, Anne M. Hayes, Assistant United States Attorney, David T. Huband, Special Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated appeals, Corie McNair appeals the district court's January 7, 2008, order that he remain in custody of the Attorney General pursuant to 18 U.S.C. § 4246 (2006) (Appeal No. 08-6161(L)). Following an evidentiary hearing, the district court found by clear and convincing evidence that McNair, who was originally committed to the Attorney General's custody in 2005, continued "to suffer from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another." 18 U.S.C. § 4246(d). During the pendency of his appeal, on McNair's motion for hearing to determine whether he still met the criteria for commitment under § 4246, the district court conducted a second hearing, following which the district court found that McNair continued to meet criteria for commitment pursuant to § 4246, but ordered that McNair be conditionally released from psychiatric hospitalization. McNair's appeal from this February 2, 2009, order is the companion case on appeal (Appeal No. 09-6207).

As a preliminary matter, McNair's pending appeal relative to the January 7, 2008, order did not divest the district court's jurisdiction to order his conditional release, filed on McNair's own motion filed July 30, 2008, and entered

3

following a second, separate evidentiary hearing, to review his continued commitment pursuant to § 4246. A committed person has the statutory right to challenge, and the district court has the accompanying authority to review, such challenge to commitment every 180 days. See 18 U.S.C. § 4247(h) (2006). While some of the evidence rendered relative to the first hearing was necessarily revisited in the second hearing, the district court's 2009 determination focused on McNair's condition and risk as of the time McNair filed his new motion for determination as to whether he still met the § 4246 criteria, and the focus, evidence, and determinations were distinct, such that the purposes of the divestiture rule[*] were not frustrated. See, e.g., United States v. Phelps, 283 F.3d 1176, 1181 n.5 (9th Cir. 2002).

Secondly, we find that McNair's conditional release renders moot the issue raised in his first appeal as to whether the district court erred in failing to order his conditional release at the January 7, 2008, hearing. As to McNair's claim that part of his first appeal was a challenge to the conditions under which he has now been released and the reasonableness of the Government's efforts to effect his release to a state

_____

[*] See Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982).

4

facility, his second appeal affords him the mechanism to raise such challenge.

With regard to whether the district court properly found on February 2, 2009, that McNair's mental condition is such that unconditional release would create a substantial risk of bodily injury to another or serious damage to the property of another, that McNair continued to meet criteria for commitment pursuant to 18 U.S.C. § 4246, and as to whether the district court erred in finding that McNair continued to meet the standard for conditional release to an available state facility, we review such determinations of the district court for clear error. United States v. Cox, 964 F.2d 1431, 1433 (4th Cir. 1992). A factual finding is clearly erroneous when the reviewing court is "left with the definite and firm conviction that a mistake has been committed." Anderson v. City of Bessemer City, 470 U.S. 564, 573 (1985) (internal quotation marks and citation omitted).

We have reviewed the records of both cases, the district court's conclusions, and the briefs and arguments of the parties, and find that the district court's determinations are supported by the record and are not clearly erroneous. Accordingly, we dismiss, as moot, McNair's appeal in Appeal No. 08-6161(L), and affirm the February 2, 2009, order of the district court which is the subject of Appeal No. 09-6207. We

5

dispense with oral argument because the facts and legal conclusions are adequately presented in the materials before the court and argument would not aid the decisional process.

No. 08-6161 - <u>DISMISSED</u>

No. 09-6207 - <u>AFFIRMED</u>